UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOASSAINT PITHERSON,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 26-cv-5288-RSH-DEB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

[ECF Nos. 1, 5]

On September 14, 2026, petitioner Joassaint Pitherson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Respondents have filed a return and a motion to lift the prohibition of transfer. ECF Nos. 4; 5. As set forth below, the Court denies the Petition.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

On March 21, 2023, Petitioner, a citizen of Haiti, was released into the United States on humanitarian parole. ECF No. 4-1. His parole status was terminated on March 19, 2024.

*Id.* On February 3, 2026, Petitioner was served with a notice to appear before an immigration judge on March 23, 2026, to show why he should not be removed from the United States. *Id*. On March 23, 2026, an immigration judge ordered Petitioner's removal for failure to attend his removal proceeding. ECF Nos. 4-4; 4-5. On May 4, 2026, the immigration judge denied Petitioner's motion to reopen, and Petitioner appealed that decision to the BIA. ECF Nos. 4-5; 4-8. On August 22, 2026, Petitioner was arrested by ICE officers and was served with an arrest warrant. ECF Nos. 4-6; 4-7. On September 11, 2026, the BIA denied Petitioner's appeal and his removal order became final. ECF No. 4-8.

Under 8 U.S.C. § 1231(a), the Attorney General "shall detain" a noncitizen during the 90-day removal period. *See* 8 U.S.C. §§ 1231(a), (b). After that removal period, the framework established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), applies. In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Petitioner's removal period began less than a month ago, he is in the 90-day removal period as provided by 8 U.S.C. § 1231. His detention is at this time mandatory. Petitioner's argument that he is entitled to a custody redetermination is therefore without merit. *See* ECF No. 1 at 3, 7.

Petitioner also argues that he was arrested without notice in violation of his due process and statutory rights. *Id.* at 7. However, as set forth above, Petitioner was arrested only after his temporary protected status had expired, an immigration judge had ordered him removed, and Petitioner's motion to reopen had been denied; Petitioner was on notice

that he was subject to arrest. *See* ECF Nos. 4-1; 4-4; 4-5. Additionally, his arrest was supported by an administrative arrest warrant. ECF No. 4-7. Accordingly, these arguments are also without merit.

Petitioner is subject to mandatory statutory detention and provides no basis for this Court to conclude that Petitioner's detention violates the U.S. Constitution or federal law. Accordingly, the Petition is **DENIED**.

Respondents' motion to lift the prohibition of transfer is **DENIED** as moot. ECF No. 5.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: September 28, 2026

Hon. Robert S. Huie
United States District Judge